(No. 5925. March 31, 1933.)

DAVIDSON GROCERY COMPANY, a Corporation, Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, Appellant.

[21 Pac. (2d) 75.]

James R. Bothwell, for Appellant.

Fisher & Coffin, for Respondent.

HOLDEN, J.—This is an action to recover attorney fees on the undertaking of appellant, United States Fidelity and Guaranty Company. The facts are: On the twenty-sixth day of February, 1927, the respondent commenced suit in the district court of Jerome county, to foreclose a mortgage against Eugene G. Gauss and Lydia M. Gauss, his wife, mortgagors, covering real property located in that county, and decree of foreclosure was rendered and the mortgaged property sold at sheriff's sale on October 7, 1927, to the respondent, plaintiff in said foreclosure suit. On the twenty-ninth day of September, 1928, Mable R. Gerken, wife of Glen Gerken, commenced suit in said district court against the respondent and the sheriff of Jerome county and others to quiet title to the property sold under decree of foreclosure, claiming title by conveyance from the mortgagors and also that she was not made a party to the foreclosure suit and, therefore, was not bound by the decree, and on the same day, based upon the complaint to quiet title, an order to show cause and temporary restraining order were made

by the judge of the district court, and on the second day of October, 1928, the clerk of that court issued a temporary restraining order, under the terms of which the sheriff was enjoined and restrained from executing or delivering a deed to the property to the respondent under the decree of foreclosure and sheriff's certificate of sale. The temporary restraining order required an undertaking in the sum of one thousand dollars, which was supplied by appellant, October 2, 1928. The order to show cause was returnable October 12, 1928, but was not heard until some time later. On the seventh day of November, 1928, the respondent filed a motion to dissolve the temporary restraining order upon the grounds: 1. That it did not appear by the Gerken complaint that she was entitled to any relief; 2. That the Gerken complaint did not state facts sufficient to constitute a cause of action; 3. That there was no equity in the complaint.

The court not having heard the order to show cause at the time set, both that order and respondent's motion were later set down to be heard on the ninth day of November, 1928, and both were argued by counsel for the respective parties and submitted to the court for decision at that time. On the twenty-fifth day of January, 1929, the court made an order denying the prayer of the Gerken complaint for a temporary injunction and dissolved the temporary restraining order, and on the fifth day of February, 1929, the court made an amended order sustaining respondent's motion to dissolve the temporary restraining order and denied the temporary injunction prayed for. On the twenty-sixth day of February, 1929, Mable Gerken appealed to this court from said order and amended order. July 8, 1929, the Gerken suit against the respondent and others to quiet title was tried and taken under advisement by the court, and on the twentieth day of July, 1929, the said appeal from said orders was dismissed by this court. (*Gerken v. Davidson Grocery Co.*, 48 Ida. 75, 279 Pac. 422.) The trial of the Gerken suit resulted in a judgment quieting title as prayed for and respondent appealed therefrom to this court, and on

the fifth day of February, 1931, this court reversed the judgment of the trial court (*Gerken v. Davidson Grocery Co.*, 50 Ida. 315, 296 Pac. 192), and a final judgment on the *remittitur* was entered by the lower court on the sixth day of March, 1931, by the terms of which the legal title to the property involved in the Gerken suit was quieted in respondent, subject only to an outstanding equity of redemption in Mable R. Gerken, and her complaint to quiet title was dismissed with costs.

Following the final conclusion of the above-mentioned litigation, and on the ninth day of May, 1931, respondent commenced an action in the district court of Ada county against the appellant to recover attorney fees in the sum of one thousand dollars on the undertaking appellant supplied for Mable R. Gerken, as required by the said temporary restraining order. The facts were stipulated in the trial court by counsel for the respective parties, it being agreed, among other things, that in the event that court should decide, upon the facts stipulated, that respondent was legally entitled to recover, then evidence pertinent to the amount of attorney fees, damages and costs might then be offered by both parties in open court. The issue involving reasonable attorney fees was tried on the twenty-fifth day of April, 1932, by the court, sitting without a jury, and on the thirteenth day of May, 1932, judgment was entered in favor of the respondent for the sum of $750, the amount which the respondent had contracted to pay its attorneys, from which judgment an appeal was taken to this court.

Appellant assigns six errors, five of which constitute a composite assignment that the judgment of the lower court ought to be reversed upon the grounds that (a) upon the denial of an application for a temporary injunction a temporary restraining order becomes *functus officio;* that (b) recoverable attorney fees under a restraining order bond are limited to services performed in procuring a dissolution of a temporary restraining order, rather than for services rendered in a suit to which a restraining order is ancillary;

that (c) there was no final determination either in the district court or in this court, in the Gerken suit to quiet title, that the temporary restraining order was wrongfully issued, payment of damages under the bond being undertaken only for the wrongful issuance of the restraining order; that (d) there is no competent evidence that any services were performed by counsel for respondent in procuring the dissolution of the temporary restraining order; and that (e) all services rendered in respondent's behalf were for the purpose of defeating the main action, which services were of no value in so far as they affected the restraining order.

By the sixth assignment it is complained that the court erred in permitting attorney, Harry L. Fisher, to testify to the contents of a written brief filed and considered by the court in connection with a hearing had upon an order to show cause why a temporary injunction should not issue, the written brief being the best evidence of its contents.

We first address ourselves to the competency of the testimony given in relation to the services performed by counsel for respondent in procuring a dissolution of the temporary restraining order.

Harry L. Fisher, a witness for respondent, testified that he was an attorney at law and that he had been practicing law in the state of Idaho since 1896, and that he was a member of the law firm of Fisher & Coffin; that he spent about ten days briefing respondent's motion to dissolve the temporary restraining order issued in the Gerken suit to quiet title, and that he spent three days out of the office in connection with the hearing of that motion, and the amended order dissolving the temporary restraining order shows that upon the hearing of the motion, Fisher and Coffin appeared for the respondent and that the motion was argued by counsel for the respective parties. The witness, Fisher, was qualified to testify to these matters and his testimony was not contradicted. And E. J. Frawley, another witness for respondent, testified: That he was an attorney at law and had practiced law in the courts of this state for about thirty-

eight years; and in response to a question embracing a detailed history of the Gerken suit in both the district court and this court, touching services performed in relation to the motion to dissolve the temporary restraining order and the appeal of the Gerken case to this court, further testified that $750 would be a reasonable fee. So that we conclude that this testimony was competent, and that the record clearly and satisfactorily shows that substantial and effective services were performed in procuring a dissolution of the temporary restraining order and that $750 was a reasonable attorney fee.

Next comes the contention of the appellant that all the services rendered in respondent's behalf were for the purpose of defeating the main action, and that such services were of no value, in so far as they affected the restraining order. It was testified, and not contradicted, as above stated, that Attorney Fisher, of the law firm of Fisher & Coffin, counsel for respondent, spent about ten days briefing the motion to dissolve the temporary restraining order, and three days' additional time in connection with the hearing of that motion, and the record shows that the motion was granted and the restraining order dissolved, from which it must follow that the services were of considerable value in procuring a dissolution of the restraining order. That services performed in procuring a dissolution of a temporary restraining order are also of value in, or contribute to defeating, the main action, will not prevent a recovery for the services actually rendered in procuring the dissolution. This court held in *Miller v. Donovan,* 13 Ida. 735 (syllabus 2), 92 Pac. 991, 992, 13 Ann. Cas. 259, that "in order for a defendant to collect attorney's fees on a bond after dissolution of the injunction, it is necessary that he show that the service rendered was performed in securing the dissolution of the injunction, or that the service was rendered principally and mainly for that purpose, and the fact that the service rendered inured to his benefit in the main case, and resulted in a final disposition of the

action on its merits, cannot affect or defeat the right of recovery of attorney's fees for the services thus originally and primarily caused by and incurred on account of the injunction." And the same rule would apply to a temporary restraining order, because a temporary restraining order is an injunction as defined by I. C. A., sec. 6–401. (*MacWatters v. Stockslager*, 29 Ida. 803, 162 Pac. 671.)

██ The liability of a surety upon a bond conditioned upon the issuance of a temporary restraining order is measured by the terms of the contract contained in the instrument. (*Rowland v. Kellogg Power & Water Co.*, 40 Ida. 216, 227, 233 Pac. 869.) In the instant case, the undertaking of the appellant recites that it is given under the statutory obligations prescribed by I. C. A., sec. 6–405. Appellant, therefore, obligated itself to pay the respondent "such costs, damages, and reasonable counsel fees," not exceeding the sum of one thousand dollars, as the respondent might incur or sustain, by reason of the issuance of the temporary restraining order, if it were finally decided that Mable Gerken was not entitled to that order. So that a recovery of a reasonable attorney fee for services performed in procuring a dissolution of the temporary restraining order is well within the contractual obligation of the appellant.

The contention that recoverable attorney fees under a restraining order bond are limited to services performed in procuring a dissolution of the temporary restraining order, rather than for services rendered in a suit to which a restraining order is ancillary, is not pertinent here because the record shows that the respondent limited its claim to the right to recover and its proof to the services performed in procuring a dissolution of the temporary restraining order, and further at the time those services were rendered they must necessarily have been performed for the purpose of procuring a dissolution of the temporary restraining order, even though the brief used on the motion to dissolve may have been later used to defeat the main action.

■ It is further contended by appellant that upon a denial of an application for a temporary injunction, a temporary restraining order becomes *functus officio,* and that the fact that a bond is required does not change a temporary restraining order into a temporary injunction.

While the order· to show cause was returnable October 12, 1928, it was not heard by the court until November 9, 1928, and the temporary restraining order was not dissolved until January 25, 1929. November 7, 1928, and while the restraining order was in effect, the motion to dissolve was filed, and both the order to show cause and the motion were heard at the same time and place. By the terms of the restraining order the respondent and the sheriff were enjoined and restrained "until the further order of the said court." Therefore, the temporary restraining order remained in full force and effect until the trial court made the order dissolving it on the twenty-fifth day of January, 1929. And by filing the motion to dissolve on November 7, 1928, the respondent brought itself within the rule announced in *Scholtz v. American Surety Co.,* 34 Ida. 207, 206 Pac. 187, requiring that a party must take some affirmative action against the order before it has become defunct by operation of law, in order to recover attorney fees.

■ It is also contended by appellant that there was no final determination, either in this court or the district court, in the Gerken suit to quiet title, that the temporary restraining order was wrongfully issued, payment of damages under the bond being undertaken only for the wrongful issuance of the restraining order. The bond was given under the statutory obligations prescribed by I. C. A., sec. 6–405, which section requires that the bond shall be conditioned "to the effect that the plaintiff will pay to the party enjoined such costs, damages, and reasonable counsel fees, not exceeding an amount to be specified, as such party may incur or sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto."

In the Gerken suit to quiet title she alleged, among other things, that she was the owner of the property covered by the mortgage foreclosed in respondent's foreclosure suit, and that the respondent claimed an estate or interest in that property adverse to her, but that such claim was without any right whatever, and that the respondent had no estate, right, title or interest whatever in the property, or any part thereof. The trial of the Gerken suit resulted in a judgment quieting title as prayed for, and the respondent appealed to this court from that judgment. This court reversed the judgment of the lower court (*Gerken v. Davidson Grocery Co., supra*), and on the sixth day of March, 1931, judgment on *remittitur* was entered adjudging that respondent was the lawful owner of the property, and dismissed the Gerken complaint with costs, which amounted to a final decision that she was not entitled to the temporary restraining order.

We now come to the sixth assignment of error, that the court erred in permitting the witness, Fisher, to testify to the contents of a written brief. Before any objection had been made to Fisher testifying as to what questions of law had been briefed, on the ground that it was not the best evidence, the witness had already testified to the services rendered, and, further, we do not think it material as to what questions of law were briefed in the course of the performance of the services.

The judgment is affirmed, with costs to respondent.

Givens, Morgan and Wernette, JJ., and Sutphen, D. J., concur.

Budge, C. J., did not sit.

Petition for rehearing denied.