796 P.2d 171

**WORLD CUP SKI SHOP, INC., an Idaho corporation, and Idaho Group, Inc., an Idaho corporation, Petitioners–Appellants,**

v.

**CITY OF KETCHUM, an Idaho municipality; Baldy Base Camp, Inc., an Idaho corporation, and Does I Through XX, inclusive, Respondents.**

No. 18299.

Court of Appeals of Idaho.

Aug. 3, 1990.

Hogue, Speck & Aanestad of Ketchum for petitioners-appellants. J. Stephen Crabtree argued.

Roark, Donovan, Praggastis, Rivers & Phillips of Hailey for respondent Baldy Base Camp, Inc. R. Keith Roark argued.

Goodman & Duff of Rupert for respondent City of Ketchum. Larry R. Duff argued.

SWANSTROM, Judge.

This case involves a dispute over an award of attorney fees and costs. We are asked to examine whether the court below abused its discretion by granting an award of attorney fees under I.C. § 12-121 and also by allowing a substantial award of discretionary costs. For reasons discussed below, we vacate that part of the district court's order awarding attorney fees and discretionary costs. We remand for additional findings on the separate issue of discretionary costs.

The issues are framed by the following facts. The two appellants, Idaho Group, Inc., and World Cup Ski Shop, Inc., operate their businesses in a building located near the Sun Valley Ski Resort in Ketchum, Idaho. We will refer to the appellants collectively as "World Cup." Located between the World Cup building and the facilities of the Sun Valley Ski Resort is a two story commercial building owned by Baldy Base Camp, Inc. Base Camp's building is occupied by retail shops and by a bar and restaurant.

In 1988, Base Camp applied to the City of Ketchum for a conditional use permit to expand its facilities. World Cup objected to the application, but the City's Planning and Zoning Commission nevertheless granted the permit. World Cup appealed to the Ketchum City Council which affirmed the Zoning Commission's decision. World Cup then went to district court, filing a petition for review of the City's actions and seeking a preliminary injunction to enjoin construction of the proposed expansion. The district court denied World Cup's motion for a preliminary injunction and later dismissed the petition for review. Over World Cup's objections, the district court also granted the City of Ketchum and Base Camp an award of attorney fees under I.C. § 12-121 as well as an award of discretionary costs. This appeal followed.

■ We turn first to the issue of attorney fees. World Cup contends the district court erred by awarding attorney fees under I.C. § 12-121. We agree. Idaho Code § 12-121 authorizes an award of attorney fees in any civil action which is brought or defended frivolously or without merit. Recently, our Supreme Court held that for purposes of I.C. § 12-121, a "civil action" is an action commenced by filing a complaint with a court. *Lowery v. Board of County Commissioners*, 117 Idaho 1079, 793 P.2d 1251 (1990). Consequently, attorney fees under I.C. § 12-121 cannot be awarded if a case is initiated before an administrative agency and later appealed to a district court for review. *Id.* Here, this case was initiated when Base Camp filed its application with the City of Ketchum's Planning and Zoning Commission. The case was later brought into district court through the process of review. No complaint was ever filed with a state court. Under *Lowery*, I.C. § 12-121 does not apply. The district court did not have the benefit of *Lowery* when deciding to award attorney fees under I.C. § 12-121. Indeed, the opinion was released after the parties filed their briefs in this appeal. Nevertheless, *Lowery* is applicable here, and the award must be vacated.

■ We now turn to the discretionary award of costs granted to the City of Ketchum and Base Camp. It is axiomatic that the district court's award of costs will be upheld absent an abuse of discretion. *Durrant v. Christensen*, 117 Idaho 70, 785 P.2d 634 (1990). However, that discretion is not unbounded. Rule 54(d)(1) of the Idaho Rules of Civil Procedure sets out a number of limited allowable costs of litigation which are reimbursable as of right. Specifically, subsection (C)(8) of Rule 54(d)(1) authorizes an award of $500 as reimbursement for expert witness fees. Any amount above that figure is only "allowed upon a showing that such costs were necessary and exceptional costs reasonably incurred, and should in the interests of

justice be assessed against the adverse party." I.R.C.P. 54(d)(1)(D).

In the case before us, both Base Camp and the City were awarded, over World Cup's objection, the full amount of costs requested below. Base Camp sought and was awarded $1,500 in expert witness fees—an amount which is $1,000 in excess of the $500 authorized in Rule 54(d)(1)(C)(8). Unfortunately, the record on appeal fails to provide adequate findings which explain why this additional amount for expert witness fees was awarded to Base Camp. Rule 54(d)(1)(D), I.R.C.P., specifies that: "The trial court, in ruling upon objections to such discretionary costs contained in the memorandum of costs, shall make express findings as to why such specific item of discretionary cost should or should not be allowed."

Our review of the record reveals that the expert witness was an appraiser who offered testimony about the effects of expanding Base Camp's building. However, nothing in the record indicates whether a determination was made, as Rule 54(d)(1)(D) requires, that the excessive award for the expert witness fee was a necessary cost, reasonably incurred, and that it was in the interests of justice to assess this cost against World Cup. In the absence of such a determination, we cannot discern whether the district court abused its discretion in making this award. Additionally, Base Camp requested and was granted an award for the cost of "one copy of respondent's brief at $3.00 per page." This is not one of the costs authorized as a matter of right by subsection (C) of Rule 54(d)(1), and similarly the lower court's decision lacks any finding on its rationale in allowing this award.

In conclusion, we vacate that part of the district court order and judgment awarding attorney fees to the City of Ketchum and fees and discretionary costs to Base Camp. We remand the case to the district court to reconsider its award of discretionary costs to Base Camp under the guidelines of I.R.C.P. 54(d)(1)(D). We decline to award attorney fees or costs on appeal.

WALTERS, C.J., and SCHILLING, J. pro tem., concur.