837 P.2d 324

**Starin YOUNG, Pauline Pardue, and Phil Young, d/b/a Young Ranch, and Fred Crabtree, Plaintiffs–Respondents,**

v.

**Glenn Simler and Verla Simler, husband and wife, and Dale Simler and Rozanne Simler, husband and wife, Defendants,**

and

**Roger L. WILLIAMS, Intervenor– Appellant.**

No. 19188.

Court of Appeals of Idaho.

Sept. 1, 1992.

**650**

Roger L. Williams, pro se.

Dennis L. Albers, Grangeville, for plaintiffs-respondents.

SILAK, Judge.

This is an appeal from a district court's imposition of sanctions under I.R.C.P. 11 against Roger Williams, the attorney for the plaintiffs in an action for a prescriptive easement. Following the plaintiffs' presentation of evidence, the court granted a motion for an involuntary dismissal and awarded attorney fees and costs against the plaintiffs. On its own initiative, the court imposed sanctions against Williams pursuant to I.R.C.P. 11. Williams appeals from this portion of the judgment arguing that Rule 11 sanctions were not appropriate in this case. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Williams represented the Young family in an action for a prescriptive easement for the use of a roadway. The Youngs and the Simlers own adjoining property. In order to reach their own property, the Youngs must use a private roadway on the Simlers' property. The parties attempted to settle the case but were unable to reach mutually acceptable terms.

A trial without a jury was held on September 17, 1990. After the Youngs presented their evidence, the Simlers orally moved for involuntary dismissal under I.R.C.P. 41(b), asserting that the Youngs had failed to establish a right to relief. The district court found that the Youngs failed to show that they were entitled to a prescriptive easement. Because the district court held that the Simlers had prevailed, it awarded them costs and attorney fees and ordered them to submit a cost bill.

Dale and Rozanne Simler submitted a motion for costs and attorney fees in the amount of $1,469.25. Glenn and Verla Simler submitted a motion for costs and attorney fees in the amount of $2,805. The Youngs objected to the motions on the basis that the attorney fees were excessive. On October 29, 1990, the district court held a hearing [1] and awarded attorney fees to the Simlers. The court also ruled that the Youngs and Williams were to be jointly and severally liable for the payment of the fees.

On November 14, 1990, the district court entered a written judgment in which it stated:

> After this matter was submitted to argument on Monday, October 29, 1990, the Court, on its own motion, considered the applicability of sanctions against plaintiffs' attorney Roger L. Williams. After reviewing the evidence, the Court has concluded that Mr. Williams pursued this case unreasonably, frivolously and without foundation, in that he pursued plaintiffs' cause of action seeking to obtain an easement by prescription, although [he] was allowed an opportunity to amend his pleadings before trial in order to set forth alternate theories of relief. It is the conclusion of the court that, based upon the evidence now submitted, this decision was not attributable to any input on the part of the plaintiffs, and instead was the exclusive responsibility of Mr. Williams. This decision to

---

1. Williams was not present at the October 29 hearing because his clients had retained a new attorney.

proceed to trial upon the single theory of easement by prescription will, in the opinion of the Court, cause unreasonable delay and additional litigation. For this reason, the Court feels that the Judgment in the form of attorney fees and costs which is awarded herein against plaintiffs, and in favor of defendants, shall be the joint and several obligations of plaintiffs and their attorney Roger L. Williams.

The court then allowed Williams seven days to show cause why the judgment should not be against him personally.

Williams timely filed an objection to the proposed judgment. On December 6, 1990, the district court held a hearing at which Williams testified in support of his position. Williams explained that the parties had attended court-supervised settlement conferences but that the settlement had fallen through. Williams further explained that he had considered alternative theories suggested by the court but had concluded that the facts did not support a claim for a negative reciprocal easement or a claim for private condemnation. Williams stated that his clients had used the road in question to take cattle to their ranch for many years. He also explained that, according to Starin Young's uncontroverted testimony, the Simlers' land had improvements on it; because the land was improved, the presumption arises that the Youngs' use of the road was adverse. Based on this, Williams argued that the district court erred in making its factual findings and legal holdings.

At the hearing on December 6, 1990, the Youngs were represented by their new attorney. Starin Young, Pauline Pardue and Phil Young submitted affidavits regarding their participation in the case. Phil Young stated that he had met with Williams once for a settlement conference. He stated that Williams had not contacted him in preparation for the trial. He also stated that there was never any discussion regarding alternative theories that may have been available to claim an easement. Pauline Pardue made a similar statement and noted that she would have testified "concerning a long uninterrupted use of the road." She also stated that she expected that the entire fee for securing the prescriptive easement would have been between $400 and $450. She further claimed that Williams never discussed with her the risks involved in the action.

Starin Young's affidavit established the fact that he told Williams that the Young family had used the road for several years and that Williams had met several times with Starin regarding the case. Starin stated:

> That, your affiant [Starin Young] was generally the spokesman for the Young family and had most of the conversations with Roger Williams. That, your affiant initially contacted Roger Williams and told him about the subject road and the fact that the Young family had used the road across the Simler property for years. That, Roger Williams responded after hearing that initial information that he could secure a prescriptive easement from the Young family without a problem from $400 to $450 attorney's fees. That, as the case progressed your affiant had several meetings with Roger Williams, wherein various proposals were discussed to settle the case, but never was there any discussion about an alternate claim of private condemnation in the event that the claim of a prescriptive easement was unsuccessful. That Roger Williams essentially always reiterated that there would simply be "no problem" in securing a prescriptive easement.

> That, prior to the trial your affiant contacted Roger Williams and was expecting to provide him names of witnesses who could establish the fact that the road had been used a long time by the Young family and other homesteaders in the area of Pardee. That, your affiant was told by Roger Williams that that would be unnecessary and that it would do no good. Your affiant was surprised, but relied upon that counsel.

In an order dated January 28, 1991, the district court reaffirmed its imposition of Rule 11 sanctions, stating:

This matter came before the Court on a show cause order directing counsel for Plaintiffs to show cause why Rule 11(a)(1) sanctions should not be imposed.

After considering the matters raised at trial along with post trial affidavits and argument, it is the conclusion of this Court that litigative misconduct did occur within the overall course of the trial to justify said sanctions. It is clear that counsel did not make a reasonable inquiry to determine whether or not the allegations in the complaint were well grounded in fact or whether or not the relief requested was warranted by existing law or a good faith argument for the modification thereof.

Based upon the foregoing, the judgment previously entered herein shall remain in full force and effect.

Williams filed a timely appeal from this order, and asserts that the district court should not have awarded attorney fees and costs against him pursuant to I.R.C.P. 11(a)(1).

 As a preliminary matter, we note our standard of review on appeal. The issue in this case is whether the trial court erred in concluding that Williams failed to meet the affirmative duty placed upon him by I.R.C.P. 11(a)(1) to make reasonable inquiry into the facts of the case, and to certify that the cause of action was well grounded in fact and that the cause of action is warranted by existing law. An appellate court should apply an abuse of discretion standard in reviewing a district court's Rule 11 determination. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) [2]; *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.

*Cooter & Gell*, 496 U.S. at 405, 110 S.Ct. at 2460. When we review a lower court's decision under the abuse-of-discretion standard, the sequence of our inquiry is: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr.*, 119 Idaho at 94, 803 P.2d at 1000; *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct. App.1987).

The focus of Rule 11 is to prevent pleading abuses. It states:

**Signing of pleadings, motions, and other papers; sanctions.**—Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one (1) licensed attorney of record of the state of Idaho, in his individual name, whose address shall be stated before the same may be filed.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of

2. In *Durrant v. Christensen*, 117 Idaho 70, 73–74, 785 P.2d 634, 637–38 (1990) (*Durrant I*), our Supreme Court held that "[o]ur adoption of amended Rule 11, containing language identical to the Federal Rule, presumably carries with it the interpretation placed upon that language by the federal courts." *See also Chacon v. Sperry* *Corp.*, 111 Idaho 270, 273, 723 P.2d 814, 817 (1986) (the general rule of construction which the Idaho courts have adhered to regarding the adoption of statutory language from another jurisdiction is that the adoption of that language is presumed to be with that jurisdiction's prior interpretation of it).

the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

■ Rule 11 applies only to the signing of a "pleading, motion, or other paper." *Oliveri v. Thompson,* 803 F.2d 1265, 1274 (2d Cir.1986), *cert. denied* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987) (Rule 11 applies only to the initial signing of a "pleading, motion, or other paper".... [I]ts central feature is the certification established by the signature); *Schering Corp. v. Vitarene Pharmaceuticals, Inc.,* 889 F.2d 490, 496 (3d Cir.1989) (Rule 11 sanctions are appropriate only in situations involving a signed pleading and the court's analysis should focus on the circumstances that existed at the time counsel filed the challenged paper); *Bakker v. Grutman,* 942 F.2d 236 (4th Cir.1991) (no Rule 11 sanctions can be imposed on substitute counsel for failing to dismiss frivolous lawsuit commenced by another attorney until substitute counsel has filed some paper indicating an intention to continue the prosecution of the suit); *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 874 (5th Cir.1988) (Rule 11 has as its primary focal point the certification made by an attorney that he has complied with the affirmative duties imposed by the rule at the moment he affixes his signature to a pleading, motion, or other paper in a lawsuit); *McGhee v. Sanilac County,* 934 F.2d 89, 93 (6th Cir.1991) (affirming Rule 11 sanctions in defamation case because attorney could easily have discovered that alleged defamatory statements were true before filing the complaint); *Schoenberger v. Oselka,* 909 F.2d 1086, 1087 (7th Cir.1990) (Rule 11 focuses on the initial signing; it does not impose a continuing duty to update or correct papers that did not violate the rule when signed or filed); *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1364 (9th Cir.1990) (question whether a pleading is sanctionable must be based on an assessment of the knowledge that reasonably could have been acquired at the time the pleading was filed); *Avirgan v. Hull,* 932 F.2d 1572 (11th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 913, 116 L.Ed.2d 813 (1992) (affirming imposition of Rule 11 sanctions in RICO case where attorney could not reasonably have believed at the time of the filing of the complaint and the signing of affidavit that the complaint was well-grounded in fact). These cases make it clear that a court's imposition of Rule 11 sanctions is limited by two factors: sanctions may be imposed on an attorney only if the attorney actually signed a pleading, motion, or other paper; and sanctions may be imposed only if the attorney's actions failed to comply with the rule at the time the document was signed.

■ It is apparent from the record that the district court based its Rule 11 sanctions on Williams' conduct in filing the complaint, and we can affirm the sanction on that basis. The court concluded that Williams failed to "make a reasonable inquiry to determine whether or not the allegations in the complaint were well grounded in fact and whether or not the relief requested was warranted by existing law or a good faith argument for the modification thereof." Thus, the court properly focused upon the correct legal standard. *Hanf v. Syringa Realty, Inc.,* 120 Idaho 364, 369, 816 P.2d 320, 325 (1991); *Sun Valley Shopping Center,* 119 Idaho at 95, 803 P.2d at 1001; *Durrant I,* 117 Idaho at 74, 785 P.2d at 638. In its opinion, the district court "demonstrated that it perceived it had the discretion to award or deny sanctions pursuant to this standard." *Durrant v. Christensen,* 120 Idaho 886, 887, 821 P.2d 319, 320 (1991) (*Durrant II* ). Although the district court made no additional specific findings as to Williams' investigation and reasonable inquiry at the time of the filing of the complaint, our review of the record convinces us that the district court did not abuse its discretion in imposing sanctions under Rule 11(a)(1).

■ The district court also criticized Williams' conduct at trial. The district court's order stated that it had considered "matters raised at trial along with post trial affidavits" and that "litigative misconduct did occur within the overall course *of the trial* to justify [Rule 11] sanctions." (Emphasis added.) The district court ap-

**654**

parently based its decision upon the statements made in the post trial affidavits of the plaintiffs, which depicted a minimal level of trial preparation as well as the court's own recollection of the trial proceedings. However, Rule 11 focuses on an attorney's conduct in filing certain pleadings, motions, and other papers. Because it is not a broadly-written tool for court management, Rule 11 cannot be used to sanction an attorney's inadequate trial preparation.

As our Supreme Court has noted, Rule 11 does not exist to duplicate I.C. § 12–121, which authorizes attorney fee awards in any civil case which is brought frivolously, unreasonably, or without foundation. *Sun Valley Shopping Ctr.*, 119 Idaho at 95, 803 P.2d at 1001; *Alaska ex rel. Sweat v. Hansen*, 116 Idaho 927, 929, 782 P.2d 50, 52 (Ct.App.1989). Rule 11 is not a sanction for negligent strategic decisions or for choosing an unsuccessful theory of law. *Id.* This Court has previously held that Rule 11 is a court management tool and is not a broad compensatory law. *Kent v.*

*Pence*, 116 Idaho 22, 23, 773 P.2d 290, 291 (Ct.App.1989). The power to impose sanctions under Rule 11 is exercised narrowly, focusing on pleading abuses or other types of litigative misconduct. The term "litigative misconduct," *Kent*, 116 Idaho at 23, 773 P.2d at 291, refers to the filing of pleadings, motions or other papers, "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." I.R.C.P. 11(a)(1).

The judgment of the district court is affirmed. Costs to respondents. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.