894 P.2d 130

**PROPERTY MANAGEMENT WEST, INC., an Idaho corporation, Plaintiff–Respondent,**

v.

**Dianne HUNT, Defendant–Appellant.**

No. 20825.

Supreme Court of Idaho, Twin Falls, November 1994 Term.

May 1, 1995.

Brady, Lerma & Thomas, Chartered, Boise, for appellant. Charles M. Murphy argued.

Roark, Rivers, Baxter & Phillips, Hailey, for respondent. R. Keith Roark argued.

SILAK, Justice.

This is an appeal from an order granting the respondent $17,500 in attorney fees and costs against the appellant individually pursuant to I.C. § 12–120(3), based upon the relationship between respondent and appellant constituting a commercial transaction. We affirm in part and reverse in part, and remand for further proceedings consistent with this opinion.

## I.

### FACTS AND PROCEDURAL BACKGROUND

The respondent Property Management West, Inc. (PMW) was incorporated in 1978 for the purpose of managing rental properties such as multiple housing projects, in Hailey, Idaho. PMW is owned by John and Marilyn Graham.

In 1978, the appellant Dianne Hunt (Hunt) was hired by PMW as a secretary/clerk. In 1981, the Grahams moved to Colorado and relied on Hunt to handle the daily management of the company. In March 1982, Hunt was made a director, vice president and general manager of PMW. The board of directors also adopted a measure allowing Hunt to share in the profits of the corporation.

In early 1989, the Grahams received complaints from PMW employees regarding the manner in which Hunt was operating the company. The Grahams made a quick, unannounced trip to Hailey to confer with all employees, including Hunt. Following the employee meeting, John Graham personally assumed an increased supervisory role in the day to day operation of PMW. Hunt's titles, duties and compensation generally remained the same until her resignation in July 1989.

Greg Luce (Luce) was a developer specializing in the construction and operation of low income rental housing projects. Seven Idaho projects controlled by Luce were managed by PMW in 1989. On the morning immediately following the employee meeting, Hunt contacted Luce and informed him that she was leaving PMW. At the time of Hunt's conversation with Luce, she learned that he was going to cancel his agreements with PMW and move the accounts to a new company, Syringa Property Management, Inc. (Syringa), which Luce would be forming.

From the time Luce began discussing the formation of Syringa with Hunt, Luce was well aware that Hunt was an officer and general manager of PMW, and as such had overall responsibility for management of the contracts he intended to terminate with PMW. In spring 1989, after Hunt concluded she could no longer work for PMW, she continued to work for PMW in this capacity without disclosing her plan to terminate her employment with the Grahams.

On June 27, 1989, Luce wrote to Hunt, as general manager of PMW, and informed her that he was terminating all of his management agreements with PMW effective on their expiration dates. By June 27, 1989, all steps necessary for the formation of Syringa were complete. The Grahams later learned that Hunt had not only accepted a job with Luce, but had been one of the incorporators and original shareholders of the new company. The articles of incorporation for Syrin-

ga, dated June 30, 1989, bear Hunt's signature.

On July 6, 1989, a week after she had signed the articles of incorporation for Syringa, Hunt informed the Grahams that she was resigning. At the time she submitted her resignation, Hunt purported to calculate the profit of the corporation and wrote a PMW check to herself for her "profit sharing."

PMW filed suit against Hunt, Luce and others. The causes of action against Hunt were breach of fiduciary duty and conversion. Hunt and her co-defendants filed a series of answers, counterclaims and third party claims. Following a court trial, the district court found against Hunt for breach of fiduciary duty and for conversion of funds taken as profit sharing to which she was not entitled. PMW also prevailed against Hunt on all of her counterclaims.

The district court awarded PMW, as the prevailing party, attorney fees in the amount of $17,500 pursuant to I.C. § 12–120(3), finding that the various claims brought by the parties involved matters properly characterized as "commercial transactions." Hunt appealed the award of attorney fees.

The first issue on appeal is whether the claims against Hunt on which PMW was successful, breach of fiduciary duty and reimbursement, fulfill the requirement of I.C. § 12–120(3), that the civil action be brought "to recover on ... [a] contract relating to ... services and in any commercial transaction...." The second issue on appeal is whether Hunt's counterclaim against PMW for profit sharing monies, on which PMW was again the prevailing party, likewise meets the statutory criteria of I.C. § 12–120(3) for an award of attorney fees to the prevailing party.

## II.

### ANALYSIS

### A. THE DISTRICT COURT ERRED IN AWARDING PMW ATTORNEY FEES PURSUANT TO I.C. § 12–120(3) FOR CLAIMS FOR BREACH OF FIDUCIARY DUTY AND REIMBURSEMENT.

█ In its complaint against Hunt, Luce and others, PMW alleged several theories on which it sought recovery. However, PMW's only theories against Hunt were for breach of fiduciary duty and reimbursement of $12,-126 which Hunt allegedly erroneously paid herself as a bonus upon her departure from PMW. The district court found in favor of PMW and awarded attorney fees to it as the prevailing party pursuant to I.C. § 12–120(3). The district court found that the relationship between Hunt and PMW constituted a commercial transaction and that PMW was entitled to attorney fees under I.C. § 12–120(3) based upon that relationship. Hunt argues on appeal that attorney fees were improperly awarded to PMW under I.C. § 12–120(3) because the claims upon which PMW was successful, breach of fiduciary duty and reimbursement, are actions sounding in tort. We agree.

█ I.C. § 12–120(3) makes mandatory the award of attorney fees in any civil action to recover on a contract relating to the purchase or sale of goods, wares, merchandise or services and in any commercial transaction. In the present case, the contract element of this statute clearly does not apply because PMW did not seek recovery on a contract with Hunt. Rather, the claims against Hunt were for breach of fiduciary duty and reimbursement of bonus monies she allegedly overpaid herself. These causes of action are grounded in tort, not in contract. *See, e.g., Chenery v. Agri–Lines Corp.,* 106 Idaho 687, 682 P.2d 640 (Ct.App.1984) (the action itself must be one to recover on the contract); *T–Craft Aero Club, Inc. v. Blough,* 102 Idaho 833, 642 P.2d 70 (Ct.App.1982) (although there was a bailment between the parties, the plaintiff's underlying cause of action was grounded in negligence).

█ With respect to the provision allowing attorney fees in a commercial transaction, the statute defines a commercial transaction as all transactions except transactions for personal and household purposes. This Court has held that the test is whether the commercial transaction comprises the gravamen of the lawsuit. *Spence v. Howell,* 126 Idaho 763, 890 P.2d 714 (1995); *Brower v.*

*E.I. DuPont De Nemours and Co.*, 117 Idaho 780, 792 P.2d 345 (1990). The gravamen of the lawsuit refers to whether the commercial transaction is integral to the claim and constitutes the basis upon which the party is attempting to recover. *Brower*, 117 Idaho at 784, 792 P.2d at 349. In the present case, although the underlying relationship between PMW and Hunt may have been commercial in nature, such a relationship was not the gravamen of the lawsuit. The gravamen of the suit was whether PMW was entitled to monetary damages as a result of Hunt's breach of her fiduciary duties and obligations to PMW by joining in the incorporation of a direct competitor while she was still an officer, director and general manager of PMW. Another integral part of the suit was whether Hunt overpaid herself a bonus in the amount of $12,126. Both causes of action sound in tort, *e.g.*, breach of fiduciary duty, and conversion or fraud.

We therefore vacate the district court's order awarding attorney fees to PMW as the prevailing party against Hunt for its claims of breach of fiduciary duty and reimbursement pursuant to I.C. § 12–120(3). The claims were not to recover on a contract, nor was the gravamen of the suit related to any commercial transaction between the parties. The underlying claims were for tortious misconduct on the part of Hunt, and I.C. § 12–120(3) is therefore inapplicable.

**B. THE DISTRICT COURT CORRECTLY AWARDED PMW ATTORNEY FEES PURSUANT TO I.C. § 12–120(3) AS THE PREVAILING PARTY ON HUNT'S COUNTERCLAIM.**

In her counterclaim against PMW, Hunt alleged that in addition to her other compensation, she was entitled to one-third share of the profits of PMW, and that for the years 1982 through 1989, the profits of the company were improperly reduced for the benefit of John and Marilyn Graham; therefore, the one-third share of profits Hunt received were from the improperly reduced profits, causing her damage. The district court found in favor of PMW on Hunt's counterclaim, ruling PMW to be the prevail-

ing party for purposes of an award of attorney fees pursuant to I.C. § 12–120(3).

Hunt's counterclaim sought to recover on a contract relating to the purchase or sale of services within the meaning of I.C. § 12–120(3). The district court found that at a March 15, 1982 meeting of the board of directors of PMW (John and Marilyn Graham) and Hunt, in addition to the election of Hunt as an officer of the corporation, the minutes of the meeting reflected an agreement regarding the distribution of one-third of corporate profits to Hunt.

Thus, Hunt's counterclaim was clearly one to recover on a contract, and the district court was correct in finding that PMW, having successfully defeated Hunt's claim, was entitled to attorney fees pursuant to I.C. § 12–120(3). This is true even though liability under the contract was not established. This Court recently held that the allegation of rights under a contract brings I.C. § 12–120(3) into play:

> Where a party alleges the existence of a contractual relationship of a type embraced by section 12–120(3) ... that claim triggers the application of [I.C. § 12–120(3) ] and a prevailing party may recover fees even though no liability under a contract was established.

*Magic Lantern Productions, Inc. v. Dolsot,* 126 Idaho 805, 892 P2d 480 (1995), *quoting Farmers Nat. Bank v. Shirey* 126 Idaho 63, 73, 878 P.2d 762, 772 (1994). The district court's award of attorney fees to PMW based upon Hunt's counterclaim is therefore affirmed.

The other issue raised by appellant, whether the district court gave adequate reasons for its award of fees, is without merit.

**III.**

**CONCLUSION**

We hold that the award of attorney fees to PMW based upon its successful claims against Hunt for breach of fiduciary duty and conversion must be vacated. These claims did not seek to recover on a contract, nor do they qualify as a commercial transaction, for they sound in tort. Accordingly, these

claims are not the type enumerated in I.C. § 12–120(3).

We further hold that the award of fees to PMW as the prevailing party on Hunt's counterclaim is affirmed because her claim was to recover on a contract, triggering the applicability of section 12–120(3), even though no liability on the contract was established.

Accordingly, the case is remanded to the district court for further proceedings consistent with this opinion.

Neither party requested attorney fees on appeal. Costs on appeal are to be divided between the parties as each has partially prevailed.

McDEVITT, C.J., JOHNSON, TROUT, JJ., and WOODLAND, J. Pro Tem., concur.