942 P.2d 572

**Valerie OBENCHAIN, Plaintiff–Appellant,**

v.

**Blaine Anthony GROSS, Defendant–Respondent.**

No. 22668.

Supreme Court of Idaho,
Boise, February 1997 Term.

July 8, 1997.

---

Steveley Law Offices, Boise, for appellant.

Quane, Smith, Howard & Hull, Boise, for respondent.

McDEVITT, Justice.

This is an appeal from an order of the trial court in which the appellant was ordered to pay sanctions in the form of expenses incurred by the respondent in obtaining its order to compel discovery.

## I.

### FACTS AND PRIOR PROCEEDINGS

This is an action for personal injury brought by appellant (Obenchain) in the course of which certain requests for admissions and discovery requests under I.R.C.P. 37 were made by the respondent (Gross). Based on the conduct of Obenchain, Gross filed Motions to Compel, and Motion for Sanctions pursuant to I.R.C.P. 11 and 37.

On May 22, 1995, pursuant to I.R.C.P. 68, Gross filed with the court and served upon Obenchain an Offer of Judgment; on May 24, 1995, Gross filed a Motion to Compel Discov-ery and a Motion for Sanctions pursuant thereto; on June 7, 1995, the trial court heard argument on Gross's Motion to Compel and Motion for Sanctions, the trial court then indicated that it would be issuing a written order regarding Gross's motions, but "hinted" that it was likely to grant them.

On June 8, 1995, Obenchain accepted, in writing, Gross's Offer of Judgment. Judgment was entered by the trial court on that date. On June 18, 1995, the trial court issued a formal written decision on Gross's Motion to Compel and Motion for Sanctions pursuant to I.R.C.P. 11 and 37, although final Judgment had been entered based upon the acceptance of the Offer of Judgment on June 8th. Obenchain filed a Motion to Disallow Fees and Costs, as ordered by the trial court. The trial court heard argument on this Motion and issued a written opinion confirming its earlier decision denying Obenchain's Motion to Disallow Fees and Costs and entered Judgment against Obenchain in the amount of $750.00, pursuant to I.R.C.P. 11. From this Judgment, Obenchain appeals.

## II.

### ISSUE ON APPEAL

The issue framed by Obenchain is whether the trial court can alter, amend or modify an accepted Offer of Judgment under Rule 68 of the I.R.C.P.

Gross's Offer of Judgment, pursuant to I.R.C.P. 68 provided in pertinent part:

[h]ereby offers to allow judgment to be taken against him in an amount totaling Twenty–Four Thousand and No/100th ($24,000.00) Dollars, *subject to and pursuant* to the terms as set forth herein, which shall be incorporated into the Judgment submitted to the Court, such Judgment shall include (1) any attorney fees allowable and litigation costs incurred to date; (2) said Judgment shall be inclusive of, and directly set forth, the following claims or liens pending against this Defendant: . . . .

Obenchain argues that the language contained in the Offer of Judgment, which was accepted by her, providing that it shall include "any attorney fees allowable and litiga-

**450**

tion costs incurred to date" precludes the entry by trial court of the Judgment post-issuance of the Judgment pursuant to her accepting the Offer of Judgment.

At the time of the argument of Obenchain's Motion to Disallow Fees and Costs, after hearing extensive argument, the trial court, in open court, made the following statement:

> I find that the claim for sanctions were wilfully lying and that discovery responses was not merged in the Offer of Judgment. The Offer of Judgment was filed May 22, 1995. By its wording it states offer of Judgment be taken against the defendant in the amount of $24,000.00, such Judgment shall include any attorneys fees allowable and litigation costs incurred to date. Under both the Offer of Judgment and Rule 68, it's clear that it applies to the plaintiff's attorneys fees and litigation costs.

It is clear that the trial court awarded the costs to Gross as sanctions against Obenchain for conduct prior to the entry of Judgment. The trial court had heard argument on the Motion for Sanctions prior to the entry of Judgment, and had stated that it would issue an order subsequent to that date. Acceptance of the Offer of Judgment by Obenchain did not preclude the trial court's inherent authority to impose sanctions for its findings that the "claim for sanctions were wilfully lying and that discovery responses was not merged in the Offer of Judgment." The trial court did not amend the Judgment as urged by Obenchain, but exercised its inherent authority to carry out its orders and to assure truthfulness and orderliness in responses to discovery.

### III.

### CONCLUSION

The trial court's Judgment is affirmed. Costs are awarded to the respondent. No attorneys fees are awarded on appeal.

TROUT, C.J., and JOHNSON and SILAK, JJ., concur.

SCHROEDER, J., dissents.

SCHROEDER, Justice, dissenting.

I dissent from the Court's opinion. The Offer of Judgment and acceptance thereof should have ended the entire matter.