950 P.2d 1269

In re Julius & Emma Kleiner
Foundation, Inc., an Idaho
nonprofit corporation.

Walter H. KLEINER, as director, officer
and member of the Julius & Emma
Kleiner Foundation, Inc., an Idaho non-
profit corporation, Plaintiff–Counterde-
fendant–Appellant,

v.

Eugene M. KLEINER, as director, officer
and member of the Julius & Emma
Kleiner Foundation, Inc., an Idaho non-
profit corporation, Defendant–Counter-
claimant–Respondent.

STATE of Idaho, ex rel. Alan G. LANCE,
Attorney General, Plaintiff in
Intervention–Respondent,

v.

Walter H. KLEINER and Eugene M.
Kleiner, individually and as directors,
officers and members of the Julius &
Emma Kleiner Foundation, Inc., an Ida-
ho nonprofit corporation, Defendants in
Intervention.

No. 23431.

Supreme Court of Idaho,
Boise, December 1997 Term.

Jan. 9, 1998.

Stoel Rives LLP, Boise, for appellant.
Thomas A. Banducci argued.

Alan G. Lance, Attorney General; Michael
S. Gilmore, Deputy Attorney General, Boise,
for respondent. Michael S. Gilmore argued.

JOHNSON, Justice.

This case is a charitable foundation case.
We conclude that the trial court did not have
jurisdiction to allow another party to inter-
vene after dismissal of the case by the named
parties.

## I.

### THE BACKGROUND AND PRIOR
### PROCEEDINGS

In 1968, Julius Kleiner (Julius), together
with his sons Walter Kleiner (Walter) and
Eugene Kleiner (Eugene), established the
Julius and Emma Kleiner Foundation (the
Idaho foundation), a tax-exempt Idaho non-
profit corporation, and named themselves as
the directors. Since Julius's death in 1972,
Walter and Eugene have been the sole di-
rectors, officers, and members of the Idaho
foundation. Walter and Eugene could not
agree on investment policy and who should
receive donations from the Idaho foundation
and in what amounts. In 1981, Walter and
Eugene agreed to divide equally the annual
amount available for charitable contributions
from the Idaho foundation so that each of
them could make his own determinations re-
garding donations. In 1985, the brothers
agreed to separate the Idaho foundation into
two equal portions, with each brother exer-
cising investment and donation control over
his portion independently.

In 1989, Walter formed a tax-exempt char-
itable corporation in Washington, the Emma
and Julius Kleiner Foundation (the Washing-
ton foundation). Walter funded the Wash-
ington foundation with an endowment grant
consisting of the portion of the Idaho founda-
tion over which he exerted control. Eugene
demanded that Walter return the funds to
the Idaho foundation, and, in response, Wal-

ter filed this suit seeking a declaratory judgment that Walter's actions were lawful, or, in the alternative, seeking partition of the Washington foundation's assets. Eugene counterclaimed for restoration of the funds that Walter had transferred from the Idaho foundation to the Washington foundation. In 1994, the trial court continued the scheduled trial, notified the Idaho attorney general (the attorney general) of the proceedings, requested review of the Idaho foundation and its directors' activities pursuant to section 67–1401(4) (now section 67–1401(5)) of the Idaho Code (I.C.), and requested that the attorney general submit a written report to the trial court showing its findings and whether there had been any violations of law.

The attorney general arranged for an audit of the Idaho foundation. The attorney general's report to the trial court consisted solely of an auditor's affidavit stating that there was no evidence of misappropriation of funds that would warrant a full accounting audit. This report did not discuss any violations of law. The deputy attorney general assigned to the matter informed the trial court, Walter, and Eugene that he was available for further assistance to the trial court and that he intended to participate in the pre-trial conference.

In March 1995, Walter and Eugene signed a settlement agreement (the settlement) resolving the disputes between them and presented the agreement to the trial court. The attorney general recommended that the settlement not be approved until amounts that the Idaho foundation had spent on legal fees and related expenses were restored to the Idaho foundation.

On May 23, 1995, the trial court met with a deputy attorney general and attorneys for Walter and Eugene concerning the settlement. The following day, the deputy attorney general sent a letter to the attorneys for Walter and Eugene, with a copy to the trial court, stating that the attorney general did not intend to file a motion to intervene at that time because he hoped that they could informally resolve the attorney general's concerns. The same day, Walter and Eugene filed a stipulation with the trial court for dismissal of the case with prejudice. On May 31, 1995, the trial court dismissed all claims between Walter and Eugene.

On June 15, 1995, the attorney general requested that the trial court allow the State of Idaho to intervene. The trial court granted this request, and the attorney general filed a complaint in intervention against Walter and Eugene. Eugene cross-claimed against Walter seeking rescission of the settlement and indemnification of both the Idaho foundation and himself for monies expended. The State requested that the trial court grant summary judgment requiring that Walter restore the amount that he transferred from the Idaho foundation to the Washington foundation and that Walter reimburse the Idaho foundation the legal fees spent by Eugene related to the litigation. The trial court granted summary judgment as requested by the State, although on different grounds than the State had presented. The trial court issued a "Final Judgment" to which it attached a certificate pursuant to rule 54(b) of the Idaho Rules of Civil Procedure (I.R.C.P.). Walter moved for reconsideration, which the trial court denied. Walter appealed. Although designated as a respondent on appeal, Eugene did not participate in the appeal.

## II.

### THE TRIAL COURT DID NOT HAVE JURISDICTION TO CONSIDER THE STATE'S MOTION TO INTERVENE.

Walter asserts that the trial court should not have granted the State's motion to intervene. We conclude that the trial court did not have jurisdiction to consider the motion.

In granting the State's motion to intervene, the trial court stated: "I've said it [that the State was brought into the case as a party representing the beneficiaries] probably in pretrial conferences and not in the record and I want to get that clear on the record." Nevertheless, the court did not take any action on the record to add the State as a party to the action until after the trial court had dismissed the case with prejudice. Upon the dismissal, the trial court ceased to have any jurisdiction to consider the State's motion to intervene. *See Vulk v. Haley,* 112 Idaho 855, 860, 736 P.2d 1309,

1314 (1987) (ruling that trial court had no jurisdiction to amend judgment where there was no timely motion to alter or amend the judgment); *Baldwin v. Anderson*, 51 Idaho 614, 617–18, 8 P.2d 461, 462 (1932) (ruling that order vacating judgment that was not void was in excess of trial court's jurisdiction); *Spivey v. District Court*, 37 Idaho 774, 780–81, 219 P. 203, 204 (1923) (ruling that trial court did not have jurisdiction to grant a new trial after denying a motion for new trial); *Nixon v. Tongren*, 33 Idaho 287, 289, 193 P. 731, 732 (1920) (ruling that trial court did not have jurisdiction to entertain an untimely motion to vacate judgment).

## III.

## CONCLUSION

We reverse the trial court's order granting the State the right to intervene and the summary judgment awarded to the State.

We award costs on appeal to Walter. Walter did not request attorney fees.

TROUT, C.J., and SILAK, SCHROEDER and WALTERS, JJ., concur.