959 P.2d 454

**INLAND GROUP OF COMPANIES, INC.,
d/b/a G & L Forest Products, Inc., an
Idaho corporation, Plaintiff–Appellant–
Cross Respondent,**

v.

**Perry L. OBENDORFF, Special Master–
Respondent–Cross Appellant.**

No. 23842.

Supreme Court of Idaho,
Boise, February 1998 Term.

June 8, 1998.

Derek A. Pica, Boise, for appellant.

White, Peterson, Pruss, Morrow & Gigray, P.A., Nampa, for respondent. Christopher S. Nye argued.

TROUT, Chief Justice.

■ In this case we determine whether a special master can use a contempt proceeding to collect fees owed him arising from a case which has been dismissed with prejudice.

## I.

## BACKGROUND

The facts of this case are not complex. In 1994, Inland Group of Companies, Inc., d/b/a G & L Forest Products, Inc., sued T.J. Forest Inc. As part of the discovery process, the district court judge appointed Obendorff as special master to review and audit the records of T.J. Forest. The order appointing Obendorff as special master stated that the cost of the special master was to be shared equally by Inland and T.J. Forest. Obendorff prepared and submitted a report. Obendorff also billed each side $8,964.01 for its one-half of the cost. It is unclear from the record how many bills were submitted and when, but it appears at least one bill was submitted to Inland in January of 1997. After Obendorff had submitted his report, Inland and T.J. Forest settled the case and stipulated to a dismissal with prejudice. The dismissal order, dated October 8, 1996, stated that each side was responsible for its own costs. T.J. Forest paid its one-half of the cost of the special master, while Inland has not paid at all.

On March 12, 1997, Obendorff filed in the district court a motion for an order to show cause along with a supporting affidavit. Obendorff asked the court to hold Inland in contempt for violating the order appointing him special master and to award him the amount due together with attorney fees. A hearing on the show cause order was held in which Inland opposed the order claiming that since the original action had been dismissed, the court was without jurisdiction to enforce the order appointing Obendorff special master. In addition, Inland argued that Obendorff's affidavit submitted with the motion for order to show cause was not specific enough to confer jurisdiction over the contempt proceeding. The district court ruled that it had jurisdiction to enforce orders made during the litigation, even after dismissal, and that Obendorff's affidavit was sufficient. The district court then granted Obendorff judgment for $8,964.01, the amount owed, but refused to grant Obendorff attorney fees. Both Inland and Obendorff have appealed.

On appeal, Inland challenges the district court's rulings that it had jurisdiction to hear the contempt motion and that the affidavit submitted by Obendorff was sufficient. In addition, Inland claims the district court erred in failing to award it attorney fees. Obendorff, on cross-appeal, claims the district court erred in not awarding him costs and attorney fees. Both sides have requested attorney fees on appeal.

## II.

## STANDARD OF REVIEW

Jurisdiction is a question of law over which this court exercises free review. *Downey Clinic v. Nampa Restaurant Corp.*, 127 Idaho 283, 900 P.2d 191 (1995).

## III.

## JURISDICTION

■ Inland argues that the district court was without jurisdiction to hear Obendorff's motion for an order to show cause because, once the district court had dismissed the action, it was without power to act in any manner regarding the suit between Inland and T.J. Forest. Inland is correct to the extent that a court is without jurisdiction to amend or vacate its judgments once final judgment has been entered. *Kleiner v. Kleiner*, 130 Idaho 930, 950 P.2d 1269 (1998); *Vulk v. Haley*, 112 Idaho 855, 736 P.2d 1309 (1987); *Baldwin v. Anderson*,

51 Idaho 614, 8 P.2d 461 (1932). This rule, however, does not apply to collateral issues which do not go to the merits of the action. *See, Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Therefore, issues such as costs, attorney fees, contempts, and Rule 11 sanctions can be determined by a court after the principal suit has been terminated. *Id.* at 396, 110 S.Ct. at 2456; *see also, Obenchain v. Gross,* 130 Idaho 448, 942 P.2d 572 (1997) (award of sanctions after acceptance of Offer of Judgment); *Riggins v. Smith,* 126 Idaho 1017, 895 P.2d 1210 (1995); *Young v. Williams,* 122 Idaho 649, 837 P.2d 324 (Ct. App.1992) (awards of attorney fees and sanctions after dismissal). Although there is no Idaho case on point, other courts which have directly addressed the issue have ruled that special master fees are properly classified as costs. *See, e.g., Gary W. v. Louisiana,* 601 F.2d 240 (5th Cir.1979). Thus, whether viewed as an issue of costs or contempt, the action brought by Obendorff involved a collateral issue over which the district court had jurisdiction.[1]

■ Inland also argues that once the case was dismissed, the order appointing Obendorff special master was dissolved and with it Obendorff's right to his fees. Inland is correct to the extent that once the action was dismissed, Inland would not have been liable for any work done by Obendorff after the dismissal. This must be viewed differently from that part of the order in which the costs of Obendorff's services were apportioned between the parties. At the very least, since special master's fees are costs, that part of the order dealing with fees was incorporated into the final dismissal order which clearly stated that each side was to bear its own costs.

■ Finally, Inland argues that because Obendorff did not give notice to the court that he had not been paid as required by I.R.C.P. 53(a)(1), Obendorff lost all remedies. This argument is without merit. The notice requirement of 53(a)(1) clearly refers to the person ordered to pay and not the court. Inland does not challenge Obendorff's state-

ment in his affidavit that Inland was billed for his services. Therefore, Obendorff met the notice requirements of Rule 53(a)(1).

## IV.

### SUFFICIENCY OF THE AFFIDAVIT

■ Inland argues that the affidavit in support of the motion for order to show cause was defective because Obendorff did not state that he had personal knowledge of his office billing procedures or how the bill was computed. This is just a backdoor attempt by Inland to attack the amount of the fees on appeal. The issue in the contempt proceeding was Inland's failure to pay the special master's fees, not the amount of the fees. There is nothing in the record to indicate that Inland had previously objected to the amount of the fees and, thus, we will not consider this issue for the first time on appeal. *Henderson v. Smith,* 128 Idaho 444, 915 P.2d 6 (1996).

■ Inland also contends that Obendorff's affidavit was defective because it did not allege that Inland had actual knowledge of the order and that Inland violated the order. Inland's assertion that the affidavit must allege actual knowledge is incorrect. In an action for contempt, "[t]he initiating affidavit must allege that the contemnor or his attorney was served with the order which he is charged as having violated ... *or* that he had actual knowledge of it." *Jones v. Jones,* 91 Idaho 578, 581, 428 P.2d 497, 500 (1967) (emphasis added) (citations omitted). Obendorff's affidavit incorporated the order appointing Obendorff as special master. The order included a certificate of service upon Inland's attorneys. Thus, the affidavit does allege that Inland was served with the order. The affidavit also states that Obendorff has billed Inland and that Inland has not paid. This is sufficient to allege that the order was violated. Since the affidavit alleges that Inland's attorneys were served with the order and that Inland has failed to obey the order, the district court did not err in ruling that

---

1.  There is no assertion that the district court did not have jurisdiction over the subject matter or the parties in the underlying action, so the court had jurisdiction over matters collateral to that action.

the affidavit was sufficient to confer jurisdiction.

## V.

## ATTORNEY FEES

■ Inland claims that it is entitled to attorney fees under I.C. §§ 12–120(3) and 12–121, both in the district court and on appeal. Because Inland is not a prevailing party, it is not entitled to an award of attorney fees.

■ Obendorff argues that the district court erred in failing to award him attorney fees under I.C. § 12–120(3) and that he is entitled to attorney fees on appeal under the same code section. Under I.C. § 12–120 attorney fees are only awarded to prevailing "parties." In addition, under I.C. § 12–120(3) the gravamen of the suit must be a commercial transaction. *Property Management West, Inc. v. Hunt,* 126 Idaho 897, 894 P.2d 130 (1995). Although the underlying action between Inland and T.J. Forest clearly involved a commercial transaction, Obendorff, as a special master, was not a party to that action despite his assertion to the contrary. The gravamen of the present contempt proceeding was the violation of a court order, not a commercial transaction;. I.C. § 12–120(3) does not apply. Because we find the code section under which Obendorff requested attorney fees to be inapplicable, we hold that the district court did not err in not awarding Obendorff attorney fees and that he is not entitled to attorney fees on appeal.

## VI.

## CONCLUSION

For the reasons stated above, the finding of contempt by the district court is hereby affirmed. Costs on appeal to respondent.

JOHNSON, SCHROEDER and WALTERS, JJ., concur.

SILAK, Justice, specially concurring.

I concur with the Court's opinion, but concur in the result of Part V. Obendorff requested attorney fees in the contempt proceeding in the amount of $1,000, but never based his request upon Idaho Code § 12–120(3) as he now does on appeal. The district court entered its judgment on April 26, 1997. At that time, the court had the inherent power to grant attorney fees up to the amount of $500 as a contempt sanction. *See Ross v. Coleman Co., Inc.,* 114 Idaho 817, 839, 761 P.2d 1169, 1191 (1988) (court had power to grant fees but only up to the statutory limit of $500 contained in former I.C. § 7–610 (amended 1997)); *State ex rel. Evans v. Click,* 102 Idaho 443, 450, 631 P.2d 614, 621 (1981) (award of attorney fees in contempt proceeding upheld). The district court declined to do so based upon Obendorff's delay in bringing the action, and I would uphold the discretionary decision of the district court under the standard of *Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). I believe that a ruling from this Court on the applicability of I.C. § 12–120(3) to contempt proceedings is unnecessary given what I believe the record reveals about the basis for the request and the basis for the court's denial of the request. Additionally, I.C. § 7–610 was amended on July 1, 1997, to provide explicitly for the district court's discretionary award of attorney fees and costs to the prevailing party in contempt proceedings.