J. JONES, J.,
concurring in part and dissenting in part.
I concur in part II.B. of the Court’s opinion, but dissent with regard to the remainder thereof. I would affirm the district court’s denial of attorney fees and costs.
With regard to part H.A., I agree with the Court’s conclusion that the Smiths did not “waive” a claim for attorney fees. Rather, the Smiths entered into a stipulation with Straub wherein they contracted away any claim for fees. The parties stipulated to entry of an order dismissing the case with prejudice. The words “with prejudice” mean “[w]ith loss of all rights; in a way that finally disposes of a party’s claim and bars any *74 future action on that claim.” Black’s Law Dictionary (7th Ed.1999).
Idaho Rule of Civil Procedure 41(a)(l)(ii) permits a plaintiff to dismiss his or her case upon filing a stipulation of dismissal signed by the parties. Given that dismissals under Rule 41(a)(l)(ii) require a voluntary agreement of the parties, they are contractual in nature. See, e.g., Maroun v. Wyreless Systems, Inc., 141 Idaho 604, 611, 114 P.3d 974, 981 (2005) (“[a] stipulation is a contract.”). Thus, this Court should employ the same analysis it would if it were interpreting the terms of a contract, which “begins with the language of the contract itself.” Independence Lead Mines Co. v. Hecla Mining Co., 143 Idaho 22, 26, 137 P.3d 409, 413 (2006). For a contract to be enforceable there must be a “distinct understanding common to both parties,” as evidenced by a meeting of the minds between the parties. Potts Constr. Co. v. N. Kootenai Water Dist., 141 Idaho 678, 681, 116 P.3d 8, 11 (2005). “Proof of a meeting of the minds requires evidence of mutual understanding as to the terms of the agreement and the assent of both parties.” Id.
The stipulation in this case provides no evidence of a mutual understanding between the parties to exclude the Smiths’ claim for attorney fees from the purview of the stipulation of dismissal. On April 12, 2005, Straub’s counsel contacted the Smiths’ counsel via fax to inform him that Straub was interested in dismissing the case:
My client has informed me that she no longer wishes to pursue this matter. Our motion to dismiss is attached. If you have no objection, please sign the attached stipulation and return to my office. Otherwise, I will schedule a hearing for the motion.
I have notified the court.
Without objection, the Smiths’ counsel signed and returned the attached stipulation of dismissal, which provided that the “[djefendants ... hereby stipulate to the entry of an Order granting the plaintiffs motion to dismiss this case with prejudice.”
The express terms of the parties’ stipulation establishes a firm agreement to dismiss the case with prejudice. However, a review of the terms fails to disclose any language indicating that the parties wished to exclude the issue of fees and costs from the stipulation of dismissal. Although the Smiths, who admit to signing the stipulation without objection, now urge that they did not .wish to subject their claim for fees and costs to the dismissal, this Court cannot divine from silence a mutual assent of the parties to that effect. Cf. Vogt v. Madden, 110 Idaho 6, 9, 713 P.2d 442, 445 (Ct.App.1986) (acceptance of an offer generally cannot be manifested through silence or inaction). Indeed, “a party’s subjective, undisclosed intent is immaterial to the interpretation of a contract.” J.R. Simplot Co. v. Bosen, 144 Idaho 611, 614, 167 P.3d 748, 751 (2006). Had the parties wished to reserve the issue of attorney fees from the purview of the stipulation of dismissal, they had ample opportunity to expressly agree to such a provision. See, e.g., Daisy Mfg. Co. v. Paintball Sports, Inc., 134 Idaho 259, 260, 999 P.2d 914, 915 (Ct.App.2000) (parties agreeing to stipulation of dismissal reserved the issue of attorney fees and costs); Barrios v. California Interscholastic Fed’n, 277 F.3d 1128, 1133 (9th Cir.2002) (parties entering into a settlement agreement expressly reserved the issue of attorney fees and costs for future determination).
Inland Group of Cos. v. Obendorff, 131 Idaho 473, 959 P.2d 454 (1998), provides no relief to the Smiths. In Obendorff, a special master appointed by the district court, Perry Obendorff, filed a motion for an order to show cause after Inland Group of Companies failed to pay its half of the special master fees.[5] 131 Idaho at 474, 959 P.2d at 455. Obendorff s motion was filed after the parties to the action (which did not include Obendorff) stipulated to a dismissal of the suit with prejudice. Id. Inland argued that once the case was dismissed, the order appointing Obendorff as special master was dissolved and with it Obendorffs right to his fees. The Court disagreed because there was an outstanding district court order requiring In *75 land to pay one half of the special master fees, because the special master fees were costs, and because the final dismissal order incorporated the order dealing with fees in that it clearly stated that each side was to bear its own costs. Id. at 475, 959 P.2d at 456. It should be noted that Obendorff was not a party to a contract calling for dismissal of the action with prejudice, as is the case here.
This Court has long recognized the strong public policy favoring the settlement of litigation. Quick v. Crane, 111 Idaho 759, 780, 727 P.2d 1187, 1208 (1986). At the time the parties executed the stipulation of dismissal, Straub had a justifiable expectation, given the encompassing language of the stipulation and the absence of any express reservations, that all rights and claims related to the ease would be dismissed, including the Smiths’ claim for fees and costs. Public policy dictates that this Court protect expectations reasonably induced. In consideration of the Smiths’ agreement to dismiss the case, Straub agreed to forgo her right to pursue the suit and relinquished her ability to refile her suit in the future. To allow the Smiths to pursue attorney fees after stipulating to a general dismissal of the case would have the effect of discouraging stipulations and defeating Straub’s expectations. See K. Hefner, Inc. v. Caremark, Inc., 128 Idaho 726, 732, 918 P.2d 595, 601 (1996) (dismissing plaintiffs without adverse consequences is beneficial because “it would tend to encourage parties who do not ‘have the stomach’ for litigation to seek a dismissal”).
I would hold that the Smiths relinquished their claim for fees and costs when they stipulated to dismissal of the case with prejudice, and without expressly reserving the issue for future determination. While I agree with part II.B. of the Court’s opinion, I would hold it to be unnecessary to the decision of the case.

. When the district court appointed Obendorff, it ordered that the costs of the special master be borae equally by the parties. 131 Idaho at 474, 959 P.2d at 455.